```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/16
```

Samuel Walton
#14-A-2215
Five Points C.F.
Route 96, P.O. Box 119
Romulus, N.Y. 14541

**MEMO ENDORSED**

The application is denied. As to sealing, Plaintiff will identify, by page and line number, the portions of his deposition that should be sealed. The request for counsel is denied without prejudice, because Plaintiff has not shown that his claims are sufficiently meritorious to justify the appointment of counsel. The request as to law library access is denied because Plaintiff has not explained why his access to the law library is not adequate.

SO ORDERED:

*[signature]*
Paul G. Gardephe, U.S.D.J.
July 15, 2016

Clerk of the Court
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

Date: 6/29/16

Re: **WALTON V. OFFICER LEE et. al., 15-Civ-3080 (PGG)**

Your Honor,

I am the Plaintiff in the matter of Walton v. Officer Lee et. al., and I write this Court requesting that the Court issue an Order pursuant to Rule 30(d), providing a limit as to the scope of questioning during the deposition, and also writes to respectfully request the Court to assign counsel for the Plaintiff.

FED.R.CIV.P. 30(d0 MOTION

To provide the Court with background, on June 16, 2016, Plaintiff attended a deposition hearing, where counsel for the defendants asked questions beyond the scope of the deposition. Counsel asked inappropriate questions about my children, my childrens mother, and inquired into crimes that I was never convicted of. All of these questions were causing the Plaintiff to feel annoyed, intimidated, and embarrassed. Plaintiff writes the Court to respectfully request that this Court direct the defendants to produce the transcripts of the deposition dated 6/16/16, to both the Court, and the Plaintiff

1

so that it may be properly determined; whether, and to what extent the defendants are using the deposition for improper purposes. Plaintiff believes that the defendants are using the fact Plaintiff is without counsel, as a means to take advantage of his ignorance of the technicalities of a deposition. Furthermore, the defendants attorneys are double teaming the Plaintiff by asking multiple questions. Furthermore, Plaintiff requests that only one of the defendants counsel be allowed to ask questions to avoid confusing the Plaintiff and lessen the appearance of "Double Teaming".

Plaintiff also requests, 1) that the Court issue a protective Order to limit the scope of his continued deposition and specifically prohibit Defendants from inquiring into his criminal history, his current conviction, his children and children's mother, and his past relationships with females who have nothing to do with his claim, 2) the Court seal all or certain portions of the testimony that Walton gave at the June 1, 2016 deposition, or alternatively that Waltons' rights and privileges to object to deposition questions not be deemed waived by his failure to object, and 3) the Court stay the continuation of the deposition, until Plaintiff's requests have been adjudicated. Within this protective order Plaintiff additionally requests the Court order the defendants to refrain from asking questions about Plaintiff's uncharged crimes.

## FED.R.CIV.P. 28 U.S.C. §1915(d) MOTION

Plaintiff requests that the Court appoint him counsel in regards to the severity and complexity of the legal issues in light of the required factual investigation, and the need for expertly conducted cross-examination to test the veracity of the case.

2

Plaintiff as a pro-se litigant does not have the proper access to the facility law library thats needed to research, respond, and present his case sufficiently. See (<u>Hodge v. Police Officers</u>, 802 F.2d 58, citing Maclin v. Freake, 650 F.2d at 887). Due to the conflicting evidence implicating the need for the proper cross-examination which will be the major proof presented to this Court, Plaintiff respectfully requests that the Court grant this motion in it's entirety.

Respectfully Submitted,

*Samuel Walton*
SAMUEL WALTON, PRO-SE
FIVE POINTS C.F.
ROUTE 96, P.O. BOX 119
ROMULUS, N.Y. 14541

SWORN TO BEFORE ME THIS
29 DAY OF June, 2016

_____
Notary Public

NICOLE A. RELYEA
Notary Public - State of New York
No. 01RE6334955
Qualified in Seneca County
My Commission Expires December 28, 2019

3

**Affidavit of Service**

State of New York)
County of Seneca)ss.:

I, Samuel Walton, being duly sworn, deposes and says:

1. That on 6/29/16, I did in fact place the designated copies of the following papers in the Mailbox at Five Points Correctional Facility:

    a. Rule 30(b) Motion
    b. 28 USC 1915(D) Motion
    c. _____

2. Said papers were adressed to the following parties:

**Orginal and Duplicate(s)**

Clerk of the court
40 Foley Square
N.Y., N.Y. 10007

**Copy**

Alex Noble
160 Church St
N.Y., N.Y. 10007

**Copy**

Robert J Reilly
650 Third Avenue 5th floor
N.Y., N.Y. 10017

Sworn to before me this
29 day of June, 20 16

_____
NOTARY PUBLIC

NICOLE A. RELYEA
Notary Public - State of New York
No. 01RE6334955
Qualified in Seneca County
My Commission Expires December 28, 2019

Very truly yours,

Samuel Walton

Five Points C.F.
PO Box 119
Romulus, New York 14541

**FIVE POINTS CORRECTIONAL FACILITY**
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK 14541

NAME: Mr. Samuel Walton    DIN: 14A2215    LOC: 9-A2-41B

FIVE POINTS CORRECTIONAL
FACILITY
LEGAL MAIL ONLY

Hon. Paul G. Gardephe
Clerk of the Court
U.S. District Court
Southern District Court
40 Foley Square
N.Y, N.Y. 10007

10007$1502 C014