UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL WALTON,

            Plaintiff,

- against -

OFFICER LEE, OFFICER REID, OFFICER ZENDER, OFFICER ALS, OFFICER MALDONADO, OFFICER SCOMA, OFFICER AZAD, CAPTAIN FIELDS, CAPTAIN BOYD, LAALI ALI, RANJAN PRAVIN, SHEILA CRISS-HORLBACK, LEELAMMA THOMAS, ALLAN GOLDBERG, ARKADY CHERCHEVER, NNAEMEZIE UMEASOR, AKINPELU LBITOYE, FRANCOIS JEANTY, DEBORAH MOULTRIE, RAJA MALLAVARAPU, AVA BELTON, OFFICER FONTANEZ, OFFICER VEGA, OFFICER DAVID, CAPTAIN SMITH, BELLEVUE/JOHN DOE BELLEVUE ADMINISTRATOR, and CARLOS MELETICHE,

            Defendants.

**ORDER**

15 Civ. 3080 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      In this Section 1983 action, pro se Plaintiff Samuel Walton alleges that Defendants violated his constitutional rights during his incarceration at Rikers Island. (Am. Cmplt. (Dkt. No. 71)) Defendants are 28 employees of the New York City Department of Corrections ("DOC") and Bellevue Hospital, including: Officer Lee, Officer Reid, Officer Zender, Officer Als, Officer Maldonado, Officer Scoma, Officer Azad, Captain Fields, Captain Boyd, Laali Ali, Ranjan Pravin, Sheila Criss-Horlback, Leelamma Thomas, Allan Goldberg, Arkady Cherchever, Nnaemezie Umeasor, Akinpelu lbitoye, Francois Jeanty, and Deborah

Moultrie (the "DOC Defendants"), and Carlos Meletiche. Defendants Raja Mallavarapu, Ava Belton, Officer Fontanez, Officer Vega, Officer David, Captain Smith, Bellevue/John Doe Bellevue Administrator (the "Unserved Defendants") have not been served.

The DOC Defendants and Meletiche have moved for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. Nos. 116, 123) On October 31, 2018, this Court referred the motions to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation ("R&R"). (Referral (Dkt. No. 144)) On February 21, 2019, Judge Lehrburger issued a thorough, seventy-two page R&R recommending that the DOC Defendants and Meletiche be granted summary judgment. Judge Lehrburger further recommends that this Court dismiss sua sponte all claims against the Unserved Defendants. (R&R (Dkt. No. 145) at 71)[1] Copies of the R&R were mailed to the parties on February 21, 2019. (Id. at 72)

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ."[2] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.
[2] The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and the consequences for failure to timely object: "Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Paul G. Gardephe, 40 Foley Square, Room 2204, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1960, New York, New York 10007. Failure to file timely objections will preclude appellate review." (R&R (Dkt No. 145) at 71)

2

serve and file specific written objections to the proposed findings and recommendations"). Here, no party has filed objections to Judge Lehrburger's R&R.³

## DISCUSSION

I. **STANDARD OF REVIEW**

In reviewing a R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A "party generally waives judicial review of an issue[, however,] when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 145) at 71; Order (Dkt. No. 150) at 1), Plaintiff has not filed objections to Judge Lehrburger's R&R. Accordingly, Plaintiff has waived judicial

---

³ The deadline for filing objections to the R&R was March 7, 2019. (See R&R (Dkt No. 145) at 71) In a letter postmarked March 7, 2019, Plaintiff requested an extension of time to file objections. (Dkt. No. 151) The Court granted Plaintiff's request, extending the deadline for filing objections to March 22, 2019, but warning Plaintiff that a "[f]ailure to file an objection by this date will preclude appellate review." (Dkt. No. 150) In a letter postmarked March 22, 2019, Plaintiff requested another extension of time to file objections. (Dkt. No. 153) The Court denied Plaintiff's request. (Id.)

3

review. See Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is warranted when a moving party shows that "there is no genuine dispute as to any material fact" and that that party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "'[W]here the non[-]moving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the non[-]moving party's claim.'" Lesavoy v. Lane, No. 02 Civ. 10162,

4

2008 WL 2704393, at *7 (S.D.N.Y. July 10, 2008) (quoting Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991)).

**B.    Plaintiff's Claims of Deliberate Indifference and Excessive Force**

   **1.    May 27, 2012 Cell Door Incident**

Plaintiff alleges that on May 27, 2012, Officer Lee closed a cell door on Plaintiff's hand. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 42-43, 47-49, 54-55, 60) In connection with this incident, Plaintiff alleges an excessive force claim against Officer Lee; a deliberate indifference claim against Officer Lee and Dr. Ali; and a failure to investigate claim against Captain Fields. (Am. Cmplt. (Dkt. No. 71) ¶¶ 31-39)

With regard to the excessive force claim, Plaintiff testified on multiple occasions that the person who closed the door on his hand was a woman. (Walton Dep. I (Dkt. No. 118-3) at 58-61, 66-67, 70) It is undisputed that Officer Lee is a man. (Officer Lee Employee Personal Information (Dkt. No. 118-5)) Judge Lehrburger concluded, and this Court agrees, that "without a plausible defendant, [Plaintiff's excessive force] claim should be dismissed." (R&R (Dkt. No. 145) at 34 (citing Franks v. Russo, No. 18-CV-1282, 2018 WL 6674293, at *11 (N.D.N.Y. Dec. 19, 2018); Cosby v. City of White Plains, No. 04 Civ. 5829, 2007 WL 853203, *4 (S.D.N.Y. Feb. 9, 2007); Rasmussen v. City of New York, 766 F. Supp. 2d 399, 412 (E.D.N.Y. 2011))

As to deliberate indifference, Plaintiff must prove that (1) "the alleged deprivation of adequate medical care [was objectively] 'sufficiently serious,'" Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the defendant was "subjectively reckless in [his or her] denial of medical care." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013).

5

Plaintiff claims that Officer Lee is responsible for a delay in Plaintiff receiving medical treatment for the injury to his hand. To succeed on this claim, Plaintiff must show that the delay "occasioned by Defendant's treatment[]caused death, degeneration, or extreme pain." Fortunato v. Bhopale, No. 12 Civ. 1630, 2017 WL 3142070, at *9 (S.D.N.Y. July 24, 2017). Judge Lehrburger concluded, and this Court agrees, that "[t]here is no evidence here indicating that the temporary delay in [Plaintiff's] treatment had any impact whatsoever on his recovery or his health . . . . Accordingly, this claim should be dismissed." (R&R (Dkt. No. 145) at 36)

Dr. Ali treated Plaintiff for the hand injury. Plaintiff claims that Dr. Ali (1) should have provided him with additional treatment; and (2) characterized the incident incorrectly in his report. The record shows that Dr. Ali wrapped Plaintiff's hand, provided him with pain medication, and scheduled him for an x-ray. (Walton Dep. I (Dkt. No. 118-3) at 74-75) Plaintiff's preference for different medical treatment "'does not give rise to an Eighth Amendment violation.'" Whitley v. Bowden, No. 17 Civ. 3564, 2018 WL 2170313, at *10 n.15 (S.D.N.Y. May 10, 2018) (quoting Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)). To the extent that Plaintiff complains that Dr. Ali's notes are incorrect, he has not alleged a cognizable constitutional claim. Jones v. Diebel, No. 12-CV-994, 2014 WL 7642090, at *4 (W.D.N.Y. Dec. 22, 2014), report and recommendation adopted, 2015 WL 224415 (W.D.N.Y. Jan. 15, 2015) (evidence that a doctor falsified the plaintiff's medical records was insufficient to state a claim without the presence of a serious medical need). Judge Lehrburger concludes that Dr. Ali is entitled to summary judgment on Plaintiff's deliberate indifference claim (R&R (Dkt. No. 145) at 37), and this Court agrees.

Finally, Plaintiff alleges that Captain Fields – the supervisor in charge of Plaintiff's housing unit – failed to investigate the May 27, 2012 cell door incident. Judge

Lehrburger could not "ascertain any constitutional violations arising from [Field's] alleged actions or inactions." (R&R (Dkt. No. 145) at 37-38 (citing Williams v. Ramos, No. 14 Civ. 2062, 2016 WL 11395011, at *4 (E.D.N.Y. Feb. 8, 2016), report and recommendation adopted, 2016 WL 845323 (E.D.N.Y. Mar. 2, 2016) (dismissing claims where there was no allegation that the defendant's failure to investigate resulted in a separate constitutional violation)) Moreover, the undisputed evidence demonstrates that Captain Fields did investigate the incident. (Fields Report (Dkt. No. 118-4) at 4) Accordingly, this Court agrees with Judge Lehrburger's recommendation that Captain Fields is entitled to summary judgment on this claim. (See R&R (Dkt. No. 145) at 37)

### 2. August 20, 2012 Leg Shackling Incident

On August 20, 2012, Plaintiff was placed in leg shackles while being transported from his housing unit to Bellevue Hospital for a medical procedure. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 78-79) In connection with this incident, Plaintiff brings an excessive force claim against Officers Zender and Reid, and a deliberate indifference claim against Physician's Assistant ("PA") Criss-Horlback, Dr. Ranjan, Dr. Cherchever, Dr. Goldberg, PA Francois, Dr. Mallavarapu, and Dr. Belton. (Am. Cmplt. (Dkt. No. 71) ¶¶ 40-71)

As to Plaintiff's excessive force claim, he must demonstrate that he suffered an injury from the shackles that was "more than merely de minimis." Usavage v. Port Authority of New York and New Jersey, 932 F. Supp. 2d 575, 592 (S.D.N.Y. 2013) (internal quotation marks omitted). Judge Lehrburger concludes, and this Court agrees, that the "record . . . simply does not provide any support for the claim that [Plaintiff] incurred more than minor cuts, discomfort, and swelling" on the day of the incident. (R&R (Dkt. No. 145) at 40 (citing Bellevue Records (Dkt. No. 118-6) at 2-6) Indeed, the records concerning Plaintiff's eleven medical appointments

7

between August 20 and November 10, 2012 contain no reference to any ankle injury. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 102-03; HHC Records (Dkt. No. 118-7) at 63-65, 69-71, 74, 80-81, 85) It was not until November 10, 2012, that Plaintiff complained of foot pain, and thereafter he occasionally sought medical care for various issues with his feet and ankles through October 2013. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 104-05, 113-14, 121, 123-24, 133-44, 146, 153-57, 160-61, 167-70; Walton Dep. I (Dkt. No. 118-3) at 120, 126-27; HHC Records (Dkt. No. 118-7) at 15-16, 25, 21-47; Bellevue Records (Dkt. No. 118-6) at 10, 21-22) Judge Lehrburger concluded that there is no evidence that any of these issues were causally related to the August 2012 leg shackling incident (R&R (Dkt. No. 145) at 42), however, and this Court agrees. Accordingly, Officers Zender and Reid will be granted summary judgment on Plaintiff's excessive force claim.

With regard to Plaintiff's deliberate indifference claim, there is no evidence that Plaintiff was deprived of adequate medical care. Indeed, as noted above, he was examined and treated many times between August 20, 2012 and October 2013. There is no evidence that any alleged deprivation was "sufficiently serious" to constitute a constitutional violation, or that any Defendant behaved in a "subjectively reckless" manner. Again, Plaintiff received medical treatment from Defendants many times. See Davidson v. Scully, 155 F. Supp. 2d 77, 83-84 (S.D.N.Y. 2001) (no subjective deliberate indifference to plaintiff's foot problems where "plaintiff was examined and treated . . . on numerous occasions by DOCS medical personnel as well as by outside orthopedic doctors to whom plaintiff was referred by DOCS."). As with the cell-door incident, Plaintiff's deliberate indifference claim "boil[s] down to disagreements with [medical personnel about] the treatment he was provided, rather than any actual deprivation of care." (R&R (Dkt. No. 145) at 44) Such disagreements are "not [an] adequate ground[] for a

8

1983 claim." See Sonds v. St. Barnabas Hosp. Corr. Health Srvs., 151 F.Supp.2d 303, 312 (2001). Accordingly, Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claim related to the August 20, 2012 leg shackling incident.

### 3. July 22, 2013 Riot Incident

On July 22, 2013, there was a riot among the inmates in Plaintiff's housing unit at Rikers Island. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 172-77) In connection with this incident, Plaintiff asserts excessive force and deliberate indifference claims against Officers David and Als, and a failure to investigate and document claim against Dr. Umeasor. (Am. Cmplt. (Dkt. No. 71) ¶¶ 72-77)

As to Plaintiff's excessive force claim, he alleges that Officer Als picked up a chair weighing two to five pounds, and accidentally hit Plaintiff in the head with the chair, causing Plaintiff to lose consciousness. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 177-181) Either Officer Als or Officer David then slapped Plaintiff awake. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶ 183; Walton Dep. II (Dkt. No. 118-8) at 64, 66-68, 73-75) "To meet the subjective requirement [of an excessive force claim], the inmate must show that the prison officials involved had a 'wanton' state of mind when they were engaging in the alleged misconduct." Griffin v. Crippen, 193 F.3d 89, 91 (quoting Davidson v. Flynn, 32 F.3d 27, 30 (2d Cir. 1994)). Here, however, Plaintiff testified that Officer Als hit him with the chair "by accident." (Walton Dep. II (Dkt. No. 118-8) at 65-68) Judge Lehburger concludes that, in light of Plaintiff's testimony, Officer Als did not act with the necessary mental state to support an excessive force claim. (R&R (Dkt. No. 145) at 50) This Court agrees.

As to Officer David, courts in this District have consistently held that a single slap does not support an excessive force claim. See Lopez v. City of New York, No. 05 Civ. 10321,

9

2009 WL 229956, at *8 (S.D.N.Y. Jan. 30, 2009) (collecting cases finding that a single slap, without more, does not rise to the level of a constitutional violation); Santiago v. C.O. Campisi, 91 F. Supp.2d 665, 674 (S.D.N.Y. 2000) (holding that a slap does not rise to the level of excessive force); Johnson v. Renda, No. 96 Civ. 8613, 1997 WL 576035, at *1 (S.D.N.Y. Sep. 15, 1997) (single, spontaneous slap to a plaintiff's face insufficient to establish constitutional violation). In any event, whichever officer slapped Plaintiff awake did not act with the necessary mental slate, because it is undisputed that Plaintiff was slapped to bring him out of his temporary loss of consciousness. The Court concludes that Officer Als and Officer David are entitled to summary judgement on Plaintiff's excessive force claim. (See R&R (Dkt. No. 145) at 51)

Plaintiff further contends that Officer Als and Officer David acted with deliberate indifference, because they unreasonably delayed his medical treatment after he was struck with the chair. However, it is undisputed that Plaintiff was treated the same day as the riot incident, (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 194, 196; HHC Records (Dkt. No. 118-7) at 10), and there is no evidence that he required medical attention any earlier than it was received. Judge Lehrburger therefore found that "no reasonable juror could conclude that this delay satisfied the subjective element of a deliberate indifference claim." (R&R (Dkt. No. 145) at 51 (citing Johnson v. City of New York, No. 12 Civ. 8265, 2014 WL 5393181, at *6 (S.D.N.Y. Oct. 21, 2014) (sufficiently serious medical condition not present where treatment of fractured ankle was delayed by four and one-half hours, but no evidence was proffered demonstrating that the delay exacerbated plaintiff's condition); Ricks v. O'Hanlon, No. 07 Civ. 9849, 2010 WL 245550, at *8 (S.D.N.Y. Jan. 19, 2010) ("Even crediting [plaintiff's] version of the facts, he received medical treatment [for a laceration and broken wrist] from EMS personnel and hospital medical staff within two or three hours of his arrest. This does not rise to the level of deliberate

indifference.")) Officer Als and Officer David are entitled to summary judgment on Plaintiff's deliberate indifference claim.

Finally, Plaintiff alleges that Dr. Umeasor failed to investigate and document the injury he received during the riot incident. "It is well-settled that failure to investigate alleged unconstitutional action does not state a claim under Section 1983." See Wingate v. Horn, No. 05 Civ. 2001, 2007 WL 30100, at *6 (S.D.N.Y. Jan. 4, 2007), aff'd, 2009 WL 320182 (2d Cir. Feb. 10, 2009) (summary order) (citing Bodie v. Morgenthau, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004); Pender v. United States, No. 97 Civ. 6917, 2000 U.S. Dist. LEXIS 20916, at *13-14 (S.D.N.Y. Aug. 3, 2000)). Moreover, as discussed above, a failure to document is not, by itself, a cognizable constitutional claim. Jones, 2014 WL 7642090, at *4, report and recommendation adopted, 2015 WL 224415 (evidence that a doctor falsified plaintiff's medical records was insufficient to state a claim without the presence of a serious medical need). Accordingly, Dr. Umeasor is entitled to summary judgment on Plaintiff's failure to investigate and document claim. (See R&R (Dkt. No. 145) at 52)

### 4. January 1, 2014 Arrest

On January 1, 2014 – during his detention at Rikers Island – Plaintiff was arrested on new charges. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 197-98) In connection with this arrest, Plaintiff alleges excessive force and deliberate indifference claims against Officers Fontanez, Vega, and Scoma, and deliberate indifference and failure to document claims against Dr. Thomas and Licensed Practice Nurse ("LPN") Ibitoye. (Am. Cmplt. (Dkt. No. 71) ¶¶ 78-105)

The undisputed evidence – which includes surveillance videos – shows that Plaintiff (1) rushed past the officers when they opened his cell to re-arrest him; (2) came into contact with one of the officers; and (3) continued to advance away from them. (Def. R. 56.1

11

Stmt. (Dkt. No. 117) ¶¶ 199-202; Walton Dep. II (Dkt. No. 118-8) at 100-103) The officers then used pepper spray to subdue Plaintiff. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶ 204; Walton Dep. II (Dkt. No. 118-8) at 108-09) About five minutes after being sprayed, Plaintiff was taken to wash his face, and was examined by Dr. Thomas. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶ 210, 214; Walton Dep. II (Dkt. No. 118-8) at 110-13, 118-20; HHC Records (Dkt. No. 118-7) at 7) Later that day, Plaintiff was seen by LPN Ibitoye. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶ 218; HHC Records (Dkt. No. 118-7) at 5-6)

Plaintiff claims that the officers hit him in the rear and head while washing his face, and in the face and ribs after he was seen by LPN Ibitoye. (Walton Dep. II (Dkt. No. 118-8) at 112, 119-20) Plaintiff also claims that his shoulder was injured during this incident. (Id. at 123.)

The use of pepper spray is not an actionable constitutional violation where there is no lasting injury, and where the subject was not cooperating with law enforcement. See Williams v. City of New York, No. 05 Civ. 10230, 2007 WL 2214390, at *12 (S.D.N.Y. July 26, 2007) (use of mace was "not actionable" as excessive force where the arrestee "suffered only the expected side effects: temporary discomfort and disorientation"). Accordingly, to the extent that Plaintiff's excessive force claim is premised on Defendants' use of pepper spray, Defendants are entitled to summary judgment.

As for the other alleged uses of force, Judge Lehrburger noted that "[t]here is no evidence in the record . . . beyond [Plaintiff's] say-so, that such an incident or resulting [shoulder] injury ever occurred. Despite multiple visits to doctors for [Plaintiff's] unrelated conditions, no medical records support these allegations." (R&R (Dkt. No. 145) at 55) Judge Lehrburger concludes that

> [u]nder these circumstances, Walton has not met his burden in opposing the DOC Defendants' motion for summary judgment. "When a moving party has met its initial burden on summary judgment and has asserted facts to demonstrate that the nonmoving party's claims cannot be sustained, the nonmoving party must 'set forth specific facts' showing that there is a genuine issue for trial, and cannot rest on 'mere allegations or denials' of the facts asserted by the movant. . . . In raising a triable issue of fact, 'the nonmovant . . . must demonstrate more than some metaphysical doubt as to the material facts, and come forward with specific facts showing that there is a genuine issue for trial." Miller v. New York City Health & Hospital Corp., No. 00 Civ. 140, 2005 WL 2022016, at *2 (S.D.N.Y. Aug. 22, 2005) (internal quotation marks omitted), affirmed, 198 F. App'x 87 (2d Cir. 2006) (quoting Powell v. National Board of Medical Examiners, 364 F.3d 79, 84 (2d Cir. 2004)). Here, Walton is unable to support his allegations of a shoulder injury resulting from physical assault with any evidence beyond his own conclusory statements. A reasonable juror could not find a triable issue of fact with respect to those claims, and thus, they should be dismissed.

(R&R (Dkt. No. 145) at 56) This Court finds no clear error in Judge Lehrburger's analysis.

Plaintiff also claims that Defendants did not properly attend to his medical needs after their use of pepper spray. The record shows that Plaintiff was examined by Dr. Thomas immediately after this incident, and by LPN Ibitoye later that same day. After being treated, Plaintiff stated, "I feel good now." (HHC Records (Dkt. No. 118-7) at 5) Given this evidence, Judge Lehrburger finds that "no reasonable juror could conclude that the DOC Defendants acted with deliberate indifference to Walton's medical needs." (R&R (Dkt. No. 145) at 57 (citing Veloz v. New York, 339 F. Supp. 2d 505, 527 (S.D.N.Y. 2004), affirmed, 178 F. App'x 39 (2d Cir. 2006) (finding no deliberate indifference where "evidence shows that defendants treated plaintiff's condition during the alleged period"); Atkins v. County of Orange, 372 F. Supp. 2d 377, 415 (S.D.N.Y. 2005) (granting summary judgment on deliberate indifference claim where, "[i]f anything, defendants were conscientious with respect to [plaintiff's] medical needs in that they diagnosed his depression and treated him for it"))) This Court agrees.

Finally, Plaintiff asserts a failure to document claim against Dr. Thomas and LPN Ibiyote, alleging that they did not properly document his injuries. As discussed above, a failure

to document does not, by itself, amount to a constitutional violation. Evans v. Murphy, No. 12 Civ. 365, 2013 WL 2250709, at *3 (W.D.N.Y. May 22, 2013) (dismissing claim that defendant failed to document inmate's injuries as part of an effort to cover-up an alleged assault; held that plaintiff had failed to state a cognizable constitutional claim); Perez v. Does, 209 F. Supp. 3d 594, 599 (W.D.N.Y. 2016) (same); Nicholson v. Fischer, No. 13-CV-6072, 2018 WL 2009432, at *6 (W.D.N.Y. April 30, 2018) (defendant's failure to document a verbal altercation between plaintiff and another inmate did not rise to the level of a constitutional violation). This Court concludes that Dr. Thomas and LPN Ibiyote are entitled to summary judgement on Plaintiff's failure to document claim.

### 5. May 6, 2014 West Facility Transport Incident

On May 6, 2014, Plaintiff was transported from the Manhattan Detention Center to the West Facility medical clinic for a doctor's appointment. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 221-23) Plaintiff alleges that Captain Smith, Officer Azad, and Officer Maldonado took his asthma inhaler from him prior to the transport; that he subsequently lost consciousness twice; and that he was slapped awake once by one of the officers, and once by Dr. Meletiche. (Def. R. 56.1 Stmt. (Dkt. No. 117) ¶¶ 224-26; Walton Dep. II (Dkt. No. 118-8) at 134-36) In connection with this incident, Plaintiff asserts an excessive force claim against Dr. Meletiche and the unidentified officer who slapped him awake, and a deliberate indifference to medical needs claim against Captain Smith, Officer Maldonado, Officer Azad, and Dr. Meletiche. (Am. Cmplt. (Dkt. No. 71) ¶¶ 106-124)

As to Plaintiff's excessive force claim, as discussed above, a single slap does not amount to a constitutional violation. See Lopez, 2009 WL 229956, at *8; Santiago, 91 F.Supp.2d at 674. Moreover, Defendants lacked the necessary mens rea, because Plaintiff was

14

slapped in order to bring him back to consciousness. The Court concludes that Defendants are entitled to summary judgment on Plaintiff's excessive force claim.

As to Plaintiff's deliberate indifference claim, he first alleges that Captain Smith, Officer Maldonado, and Officer Azad – in taking his inhaler away during transport – were deliberately indifferent to his medical needs. He also complains that they did not turn on air conditioning when he asked them to. Judge Lehrburger found that the record supports Plaintiff's

> claim that he had difficulty breathing and felt dizzy without his inhaler during the van ride and that he collapsed after departing the van. There is no evidence, however, of any lasting injury from those events. Rather, Walton at most suffered temporary discomfort. The Second Circuit has held that only "deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute deliberate indifference to medical needs. Salahuddin, 467 F.3d at 279 (internal citations omitted). Injuries such as those alleged by Walton, which amount to no more than temporary or minor discomfort, cannot support a deliberate indifference claim. See, e.g., Cole v. Fischer, 416 F. App'x 111, 113 (2d Cir. 2011) (use of a makeshift hot-pack to treat inmate's chronic back pain, which resulted in a small second-degree burn, insufficiently serious to support claim of deliberate indifference); Wright v. Santoro, 714 F. Supp. 665 (S.D.N.Y. 1989), affirmed, 891 F.2d 278 (2d Cir. 1989) (inmate's allegation that corrections officer refused to keep heat on cell block at proper temperature did not state claim for deliberate indifference in violation of Eighth Amendment).

> During his deposition, Walton asserted for the first time that his collapse in the medical facility resulted in injuries to his head and back as well as a chipped tooth. (Walton Dep. II [(Dkt. No. 118-8)] at 136-38, 149[]) In theory, Walton could attempt to link those injuries back to deprivation of his inhaler and air conditioning and thereby connect them with the alleged indifference to his medical needs. But there is no evidence of any injuries to his head, back or tooth in any contemporaneous medical reports or any other part of the record; nor is there any medical or expert evidence to establish causation between those alleged injuries and the officers' conduct during the van ride. Under these circumstances, Walton's deposition testimony alone is insufficient to raise an issue of fact. See Deebs v. Alston Transportation, Inc., 346 F. App'x. 654, 656 (2d Cir. 2009) (stating that self-serving deposition testimony, by itself, "is insufficient to defeat summary judgment"); TufAmerica, Inc. v. Codigo Music LLC, 162 F. Supp. 3d 295, 324 (S.D.N.Y. 2016) (plaintiff's "self[-]serving deposition testimony standing alone is . . . not sufficient to create a triable issue of fact" to contradict documentary evidence); Burns v. Bank of America, 655 F. Supp. 2d 240, 258 n.15 (S.D.N.Y. 2008), affirmed, 360 F. App'x 255 (2d Cir. 2010) (same). Accordingly, no reasonable juror could conclude that Walton actually incurred the

15

alleged injuries to his head, back and tooth or that they were caused by withholding of his inhaler and air conditioning.

Walton further contends that the transport incident resulted in mental harm, including "uncontrollable phobia of traveling with correction officers, irrational phobia of being confined in small spaces, extreme emotional distress, mental anguish, posttraumatic stress disorder, anxiety and depression." ([Am. Cmplt. (Dkt. No. 71] ¶ 146[]) A plaintiff asserting a claim under Section 1983 for mental anguish must prove "actual injury," Patrolmen's Benevolent Association of New York v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002), based on "evidence of concrete emotional problems," EEOC v. Yellow Freight System, Inc., No. 98 Civ. 2270, 2002 WL 31011859, at *33 (S.D.N.Y. Sept. 9, 2002); Dejesus v. Village of Pelham Manor, 282 F. Supp. 2d 162, 178 (S.D.N.Y. 2003) (same). No evidence in the record substantiates Walton's purported psychological injuries and therefore [they] cannot satisfy this requirement.

In short, no reasonable juror could conclude from this record that there was any deliberate indifference to Walton's needs, given that his injuries were minimal and temporary, as confirmed by multiple medical professionals who treated him and performed a battery of tests on the date of the transportation incident. (Def. [R.] 56.1 [Stmt. (Dkt. No. 117)] ¶¶ 129-33; HHC Records [(Dkt. No. 118-7)] at [27-54]; Elmhurst Records [I (Dkt. No. 115-9) at 8-9; Elmhurst Records II (Dkt. No. 115-10) at 2-10; Emlhurst Records III (Dkt. No. 115-11) at 1-2]) All diagnostic tests were negative for any acute findings of injury or trauma. (Def. [R.] 56.1 [Stmt. (Dkt. No. 117)] ¶ 33[]) Accordingly, summary judgment should be granted in favor of the DOC Defendants with respect to allegations of deliberate indifference to Walton's medical needs.

(R&R (Dkt. No. 145) at 61-62) This Court finds no clear error in this analysis.

### 6. Remaining Claims

Plaintiff alleges two sets of claims unrelated to the five incidents discussed above:

First, he alleges that Defendant Moultrie, a DOC Grievance Counselor, interfered with his ability to file grievance claims. (Am. Cmplt. (Dkt. No. 71) ¶¶ 48, 57-59) However, a prison inmate has no constitutional right to an internal grievance process. Cancel v. Goard, No. 00 Civ. 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("[I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983."); Rhodes v. Hoy, No. 9:05-CV-836, 2007 WL 1343649, at *6 (N.D.N.Y. May 5, 2007) (Inmates have "no constitutional right of access to the established inmate grievance program.");

16

Davis v. Buffardi, No. 0:01-CV-0285, 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) ("[P]articipation in an inmate grievance process is not a constitutionally protected right."). Accordingly, Judge Lehrburger concluded that Moultrie is entitled to summary judgment on Plaintiff's claim. (R&R (Dkt. No. 145) at 66) This Court agrees.

Second, Plaintiff raises medical malpractice claims under state law against various doctors who treated him. (Am. Cmplt. (Dkt. No. 71) ¶¶ 1, 125-54) Judge Lehrburger recommends exercising supplemental jurisdiction over these claims. (R&R (Dkt. No. 145) at 67)

Under New York law, "the requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." Melvin v. Cty. of Westchester, No. 14 Civ. 2995, 2016 WL 1254394, at *19 (S.D.N.Y. March 29, 2016) (citing Torres v. City of New York, 154 F. Supp. 2d 814, 819 (S.D.N.Y. 2001 )). "[I]t is well established in New York law that 'unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a prima facie case of malpractice.'" Nabe v. United States, No. 10 CV 3232, 2014 WL 4678249, at *8 (E.D.N.Y. Sept. 19, 2014) (quoting Sitts v. United States, 811 F.2d 736, 739 (2d Cir. 1987)).

Here, Plaintiff claims that Defendants' malpractice has resulted in dozens of medical issues, such as fatigue, poor blood circulation, insomnia, and phobias. (Am. Cmplt. (Dkt. No. 71) ¶¶ 125-131) Plaintiff has not supported these claims with expert medical opinion, however, and Judge Lehrburger concludes that a "lay juror could not evaluate [Plaintiff's] claims without an expert on [his] behalf." (R&R (Dkt. No. 145) at 68 n.32 (citing Milano by Milano v. Freed, 64 F.3d 91, 95 (2d Cir. 1995) ("New York law . . . provides that, 'except as to matters

within the ordinary experience and knowledge of laymen . . . expert medical opinion evidence is required' to make out" elements of malpractice) (quoting Fiore v. Galang, 64 N.Y.2d 999, 1001(1985)); see also Hegger v. Green, 646 F.2d 22, 28 (2d Cir. 1981) ("[A] plaintiff has the burden of producing expert medical testimony showing proximate cause in medical malpractice actions."); Winters v. United States, No. 10 Civ. 7571, 2013 WL 1627950, at *8 (S.D.N.Y. April 16, 2013) (dismissing malpractice claim for lack of an expert where "Plaintiff's claim is premised on a dispute over the proper course of care")). This Court agrees. Accordingly, Defendants are entitled to summary judgment on Plaintiff's medical malpractice claims on this basis.

Plaintiff has also not offered evidence that his treating physicians deviated from accepted medical practice, or that any deviation is the proximate cause of his medical issues. Judge Lehrburger finds that "[n]o reasonable juror could conclude that any of the DOC-employed medical professionals acted negligently[,] because Walton himself cannot identify any specific error." (R&R (Dkt. No. 145) at 69) This Court agrees with Judge Lehrburger that Defendants are entitled to summary judgment on this ground as well.

### C. Dismissal of Unserved Defendants

The Amended Complaint was filed on July 14, 2016, and added numerous defendants, including the Unserved Defendants. (Am. Cmplt. (Dkt. No. 71)) The Court ordered Plaintiff to effect service on the new defendants within 90 days, and directed him to complete a U.S. Marshal Service Process Receipt and Return form ("USM-285") as to each defendant. (Order (Dkt. No. 77)) As Judge Lehrberger explains in his R&R,

> [t]he USM-285 forms received for Dr. Belton, Dr. Mallavarapu, Officer Fontanez, and Officer Vega were incomplete, and on October 14, 2016, the Court's Pro Se Office returned the forms to Walton to properly fill out. On October 20, 2016, the DOC Defendants informed the Court by letter that Dr. Mallavarapu, Officer Scoma,

18

Officer Fontanez, and Officer Vega were not currently employees of either DOC, Corizon Health Services, or any other DOC Defendants. ([Dkt.] No. 86[]) Citing security and privacy concerns, the DOC Defendants asked to submit the last known addresses of these individuals to the Court ex parte to facilitate service. It does not appear, however, that this information was ever transmitted to the Court. Neither Walton nor his counsel, who was appointed for the purposes of discovery only on January 31, 2017 ([Dkt.] Nos. 93-95), ever followed up.

(R&R (Dkt. No. 145) at 21) Plaintiff offers no reason for his failure to effect service.

Under Rule 4(m) of the Federal Rules of Civil Procedure,

[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Given that nearly three years have passed since Plaintiff filed the Amended Complaint – during which time Plaintiff has been represented by counsel – Judge Lehrburger concludes that "there is no justification to further extend the service period. Both the current and the Unserved Defendants would be unduly prejudiced by an extension." (R&R (Dkt. No. 145) at 22-23 (citing Carl v. City of Yonkers, No. 04 Civ. 7031, 2008 WL 5272722, at *5 (S.D.N.Y. Dec. 18, 2008) ("There is no excuse for the failure of a licensed attorney to determine whether the defendants named in the complaint had been properly served."), affirmed, 348 F. App'x 599 (2d Cir. 2009) (summary order)). This Court agrees that the claims against the Unserved Defendants should be dismissed.

\* \* \* \*

Having conducted a review of the record, this Court finds that there is no clear error in Judge Lehrburger's R&R. Indeed, the R&R is in all respects a proper application of the law to the facts.

19

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and the DOC Defendants and Meletiche's motions for summary judgment are granted. (Dkt. Nos. 116, 123) All claims against the Unserved Defendants – Raja Mallavarapu, Ava Belton, Officer Fontanez, Officer Vega, Officer David, Captain Smith, and Bellevue/John Doe Bellevue Administrator – are dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 116, 123), and to close this case. The Clerk of Court is further directed to mail a copy of this order via certified mail to pro se Plaintiff Samuel Walton, DIN #14-A-2215, Auburn Correctional Facility, P.O. Box 618, Auburn, New York 13024.

Dated: New York, New York
March 29, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge